**CV 12 6386**

**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 27 2012 ★

LONG ISLAND OFFICE

MICHAEL ZULENSKY
on behalf of himself and
all other similarly situated consumers

           Plaintiff,

-against-

MEL S. HARRIS & ASSOCIATES, LLC

           Defendant.

**VITALIANO, J.**
**GO, M.**

### CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Michael Zulensky seeks redress for the illegal practices of Mel S. Harris & Associates, LLC in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within New York, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Michael Zulensky*

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about September 7, 2012, Defendant left a message on the Plaintiff's employer's voicemail regarding the debt.

Edwards v. Niagara Credit Solutions, Inc., 584 F. 3d 1350 - Court of Appeals, 11th Circuit 2009, (Explaining that the FDCPA does not guarantee debt collectors the right to leave answering machine messages), Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist. Court, SD New York 2006). (Found that debt collectors who use automated messages do so at the peril of violating the FDCPA, either by not leaving enough information for the debtor in violation of 15 U.S.C. §§ 1692d(6) and 1692e(11),

or by leaving too much information for a possible third party in violation of 15 U.S.C. § 1692c(b) Debt collectors . . . should use other means to collect, including calling and directly speaking with the consumer or sending appropriate letters), Leahey v. Franklin Collection Serv., Inc., 756 F. Supp. 2d 1322, 1327 (N.D. Ala. 2010.) (Defendant's motion to dismiss denied. "This court agrees that a third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector as required by §1692c(b)."), Berg v. Merchs. Ass'n Collection Div., 586 F. Supp. 2d 1336, 1341 (S.D. Fla. 2008). (Debt collectors have no entitlement to use automated messages to reach debtors, and courts have no obligation to harmonize different provisions of the FDCPA so that debt collectors may use an inherently risky method of communication ... the FDCPA specifically requires that prior consent for third party communication be given directly to the debt collector by the consumer A third party, or the debtor in the presence of a third party, continuing to listen to the message in spite of the warning does not qualify as prior consent directly to the debt collector...we follow reasoning similar to Foti to find no reason that a debt collector has an entitlement to use this particular method of communication. Debt collectors have other methods to reach debtors including postal mail, in person contact, and speaking directly by telephone.), FTC v. Check Enforcement., No. Civ. A. 03-2115, 2005 WL 1677480, at *8 (D.N.J. July 18, 2005.) (Leaving messages on the debtor's home answering machines, heard by third parties, was a violation of 15 U.S.C. § 1692c(b)) Defendants left messages on home answering machines, which were overheard by family members and other third parties, Thus,

Defendants have in fact engaged in prohibited communications with third parties in violation of Section 805 of the FDCPA.), ZORTMAN v. JC CHRISTENSEN & ASSOCIATES, INC., (Dist. Court, Minnesota 2011). (The court found an FDCPA violation where a pre-recorded message containing debt information was left on a debtor's voicemail and overheard by the debtor's family members and neighbors. Because the FDCPA is a strict liability statute that explicitly includes an intent element when required, a Plaintiff need not plead deliberate or purposeful disclosure to third parties to state a claim under § 1692c(b).), Cordes v. FREDERICK J. HANNA & ASSOCIATES, PC., Dist. Court, Minnesota 2011, (-Plaintiff alleged that Defendant violated the "FDCPA" by leaving multiple messages on her home voicemail that were overheard by others. The Court granted her motion. Reaffirming the Zortman decision - Where Congress wanted to include an intent element as part of an FDCPA violation, it has done so explicitly and the FDCPA is a strict-liability statute, "which conflicts with requiring deliberate or purposeful intent ("The FDCPA, including 15 U.S.C. § 1692c(b), is a strict liability statute and therefore does not require a showing of intentional conduct on the part of a debt collector to give rise to liability."). In addition the term "communicate" does not focus on the intended recipient, but rather turns on whether the speaker "shares with or conveys information to another" one may communicate with an unintended audience (defining "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium. Finally the FDCPA's "bona fide error defense" was inconsistent with a requirement that a debt collector purposefully or intentionally communicate with a third party in order to be held

liable.), <u>Gryzbowski v. IC System, Inc.</u>, (691 F. Supp. 2d 618 - Dist. Court, MD Pennsylvania 2010.) (Debtors have other methods to reach debtors including postal mail, in-person contact, and speaking directly by telephone.), <u>Carman v. CBE GROUP, INC.</u>, Dist. Court, D. Kansas 2011. (Under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.), <u>Chalik v. Westport Recovery Corp.</u>, (677 F. Supp. 2d 1322 - Dist. Court, SD Florida 2009.) (FDCPA did not guarantee debt collector right to leave answering machine messages.), <u>Mark v. JC CHRISTENSEN & ASSOCIATES, INC.</u>, Dist. Court, Minnesota 2009. (The Court has no authority to carve an exception out of the statute just so [the Defendant] may use the technology they have deemed most efficient… [The Defendant] has been cornered between a rock and a hard place, not because of any contradictory provisions of the FDCPA, but because the method they have selected to collect debts has put them there.)

12. The said telephone message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692c(b) and 1692d.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

13. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twelve (12) as if set forth fully in this cause of action.

14. This cause of action is brought on behalf of Plaintiff and the members of a class.
-5-

15. The class consists of all persons whom Defendant's records reflect resided in New York who received a telephonic message from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; and (a) the telephone message was left on an unauthorized third party's voicemail; and (b) that the telephone message was in violation of 15 U.S.C. §§ 1692c(b), 1692d, and 1692e.

16. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   (a) Based on the fact that a form telephonic message is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   (c) The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

   (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

   (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are

consistent with those of the members of the class.

17. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

18. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

19. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

20. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

21. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
December 18, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)